J. Curtis Edmondson, CSB# 236105
Law Offices of J. Curtis Edmondson
Venture Commerce Center
3699 NE John Olsen Avenue
Hillsboro, OR 97124
Phone: 503-336-3749
Fax: 503-482-7418
Email: jcedmondson@edmolaw.com

Attorney for Defendant JOHN DOE
 162.236.15.245

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, ) | Case No.: 3:19-cv-00158-RS |
| ) | |
| Plaintiff, ) | **NOTICE OF MOTION AND** |
| ) | **MOTION FOR ATTORNEY FEES** |
| vs. ) | |
| ) | Hearing Date: August 1, 2019 |
| JOHN DOE subscriber assigned IP ad) | Hearing Time: 1:30pm |
| ) | |
| 162.236.15.245 ) | Judge: Hon. Richard Seeborg |
| ) | |
| ) | |
| Defendant ) | |

MOTION FOR ATTORNEY FEES

Page 1

## NOTICE OF MOTION

To all parties and their counsel of record, please take notice: defendant JOHN DOE subscriber assigned IP address 162.236.15.245 (JOHN DOE) will move this Court for an award of attorney fees in the amount of $ 1,665.00 as against plaintiff Strike 3 Holdings, LLC (STRIKE 3) pursuant to 17 U.S.C. §505 and *CRST Van Expedited*, *Inc*. *v*. *EEOC*  (2016). 136 S.Ct. 1642 ("*CRST Van*").

This motion is set to be heard before the Hon. Richard Seeborg in the United States District Court for the Northern District of California, located at San Francisco Courthouse, Courtroom 3 - 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, on Thursday, August 1, 2019 at 1:30pm.

This motion will be based on this notice, the memorandum of points and authorities, the declaration of counsel, J. Curtis Edmondson, and any arguments presented in subsequent filings and at oral argument.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND FACTUAL BACKGROUND

This motion is short, because the life of this case was short.  That does not imply that the filing of the suit is without costs to John Doe.  Under *CRST Van* and the Copyright Statute, defendant may recover these costs.  The costs recoverable are attorney fees.  Of course, this does not compensate John Doe for the stress of being sued.

Strike 3 is a serial litigant having filed 3,000+ cases since 2017.  (See PACER generally).  The movies are pornographic.  The allegations, and the complaints, are templated claiming that the subscriber of the IP address at issue downloaded numerous movies using Bittorrent. (Docket 1).  Strike 3 claims

statutory damages. Since statutory damages range from $ 200.00 to $ 150,000.00 per work (17 USC 504), Strike 3's damages claim, in the case, would range from a considerable $ 18,800.00 to theoretically $ 14.1M.

This lawsuit was filed on January 9, 2019 claiming infringement of 94 works. (Docket 1). This was followed by an *ex-parte* motion to learn the subscriber information. (See Order at Docket 8). Counsel for John Doe made an appearance. (Docket 11) and declined the magistrate. (Docket 14). This matter was then reassigned. (Docket 16). A minute scheduling order was issued (Docket 17). The case was then dismissed under Rule 41. (Docket 21).

## II.   ARGUMENT

At issue is whether there has been a material alteration in the relationship of the litigants. The Court in *CRST* summed this rule up neatly:

> "…A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor. The defendant, of course, might prefer a judgment vindicating its position regarding the substantive merits of the plaintiff's allegations. The defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision…." *CRST* at 1651.

To determine if DOE materially altered the relationship of the parties, it is important to look at the litigation strategy of the Strike 3 and the resulting statistics from the cases filed.

Strike 3 has filed 3000+ cases since 2017. (See PACER). Some of those cases end in settlement, the majority end in dismissals, very few ever get close to summary judgment, none have gone to trial. *Id.* These statistics have been confirmed in a decision written in the District of Columbia. (RJN EX 1). Further,

MOTION FOR ATTORNEY FEES

analysis of cases of this type was made in a recent law review article. (RJN EX 2).

Statistically speaking, there is about a 0% chance that Strike 3 will refile. Therefore, under *CRST Van*, there has been a material alteration of the parties relationship, as this Court can find that John Doe has "prevailed" as he "rebuffed" Strike 3's lawsuit to the point where Strike 3 dismissed without prejudice. As such John Doe can now claim fees under *CRST Van.*

*CRST Van* has been applied in the "Bittorrent" in the District of Nevada. *Criminal Prods., Inc. v. Jenkins* (D. Nev., 2018) 2:16-CV-2704, August 21, 2018. (RJN EX 3). Notably, Criminal noted that *CRST Van* modified the prior *Cadkin* and *Buckhannon* decisions, these two decisions effectively preventing a claim of attorney fees under the Copyright Act. *Criminal* at 4. Further the Federal Circuit has followed the application of *CRST Van's* modification of *Buckhannon*. *Raniere v. Microsoft Corp. (*Fed. Cir., 2018) 887 F.3d 1298, 1304.

### III.     THE FEES ARE REASONABLE UNDER LODESTAR

To determine the reasonableness of the number of hours expended, the court should consider the factors set forth in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975). ("Kerr Factors"). The Kerr Factors are: (1) time and labor required; (2) novelty and difficulty of the questions involved; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment by the attorney due to acceptance of the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) amount involved and the results obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases.

Despite the thoroughness of this list "[a] rote recitation of the relevant factors is unnecessary as long as the court adequately explains the basis for the award of attorneys' fees." *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1995).

*Kerr* Factors 3-9 weigh in favor John Doe's counsel is been practicing IP litigation for 14 years. (Edmondson Decl).  His hourly fee is reasonable for an attorney practicing in the Northern District of California.  He is also a licensed member of the patent bar.  *Kerr* Factors 1-2 are probably neutral for a case at this stage. *Kerr* Factor 10 weighs heavily in favor of John Doe as few attorneys wish to be associated with the pornography industry, either representing a plaintiff or a defendant.  Kerr Factor 11 weighs in favor of Strike 3.  Kerr Factor 12 is probably neutral as there are few cases, which the exception of the Nevada Case, involving the application of *CRST Van* to dismissals without prejudice in Bittorrent cases.

Counsel for John Doe requests $ 1,665.00 for 3.7 hours at a billing rate of $ 450.00 per hour.   An export of the billing entries is indicated on his declaration. The hourly rate and time expended would be reasonable in any civil case.

### IV. CONCLUSION

The linkage of an IP address to the infringer is tenous at best. Since Strike 3 decides to sue knowing that it is a coin toss that they get it right, they should bear the attendant expense for getting it wrong.  *CRST Van* recognizes the costs imposed on Defendants in the situation where Strike 3 "walks away."   John Doe respectfully requests entry of an order granting attorney fees in the amount of $1,665.00.

Dated: June 18, 2019                           Signed:/s/ J. Curtis Edmondson
                                                                J. Curtis Edmondson
                                                                Attorney for Defendant