UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 162.236.15.245,<br><br>   Defendant. | Case No. 19-cv-00158-RS<br><br>**ORDER DENYING MOTION FOR ATTORNEY FEES** |

Defendant John Doe, subscriber assigned IP address 162.236.15.245, moves for attorney fees against Plaintiff Strike 3 Holdings, LLC, representing himself as the prevailing party under *CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642 (2016). Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument. Doe's motion borders on frivolous. When deciding whether an award of attorney's fees is appropriate in a given case, a district court must determine whether the party seeking fees has prevailed in the litigation. *CRST*, 136 S. Ct. at 1646. The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties, which must be marked by judicial imprimatur. *Id.* This entails a judicially sanctioned change in the legal relationship of the parties, regardless of whether the judgment is merits or non-merits based. *Id.* at 1646, 1651-52.

That is not the case here. Aside from Strike 3's complaint, *ex parte* application for leave to serve a third-party subpoena prior to a Rule 26(f) conference, and *ex parte* application for extension of time within which to effectuate service on Doe, there has been no substantive action in this litigation prior to Strike 3's voluntary dismissal without prejudice pursuant to Federal Rule

of Civil Procedure 41(a)(1)(A)(i).  Indeed, since Doe never answered the complaint, a dismissal under Rule 41(a)(1)(A)(i) is effective without a court order.  Contrary to Doe's assertions, nothing in Strike 3's complaint was rebuffed by the Court on the merits or otherwise.  A dismissal without prejudice under Rule 41(a)(1)(A)(i) "leaves the parties as though no action had been brought," and there is nothing prohibiting Strike 3 from re-filing its claim against Doe.[1]  *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).  Doe is not the prevailing party in this litigation, nor has there been any judicially sanctioned change in the legal relationship between the parties.  Therefore, Doe's motion must fail.

**IT IS SO ORDERED**.

Dated: August 12, 2019

_____
RICHARD SEEBORG
United States District Judge

---

[1] Doe contends there is "about a 0% chance that Strike 3 will refile." (Mot. at 4:3.) This entirely speculative remark is devoid of any evidentiary support.